IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WALTER KURTZ, on Behalf of Himself and All Others Similarly Situated, | ) ) ) Case No. |
| *Plaintiff,* | ) ) |
| | ) CLASS ACTION COMPLAINT |
| v. | ) ) |
| VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation, | ) ) JURY TRIAL DEMANDED |
| | ) |
| *Defendant*. | ) ) ) ) |

## CLASS ACTION COMPLAINT

Plaintiff Walter Kurtz ("Kurtz"), on behalf of himself and all others similarly situated alleges as follows:

## INTRODUCTION

1. Defendant Volkswagen Group of America, Inc. ("Volkswagen") has manufactured and sold vehicles in the United States, including thousands in Tennessee, with diesel engines since at least 2009, and continues to do so today. Such vehicles include the Jetta, the Beetle, the Audi A3, the Golf and the Passat models.

2. Then engines in these vehicles were marketed by Volkswagen as a "TDI® clean diesel engine" which was "cleaner than conventional diesels, emitting as much as 95% fewer sooty emissions than previous diesels, as well as a reduction in oxides of oxygen and sulfur." However, these engines are not clean and, in fact, these engines produce emission levels that are not in compliance with U.S. laws and regulations.

1

3. Unbeknownst to the Plaintiff and other Class members, the Defendant has been using what is known as "defeat devices" which reduce the effectiveness of the emissions control system during normal driving conditions. The Clean Air Act has strict emissions standards for vehicles and it requires vehicle manufacturers to certify to the Environmental Protection Act ("EPA") that the vehicles sold in the United States meet applicable federal emissions standards to control air pollution. Every vehicle sold in the United States must be covered by an EPA issued certificate of conformity. Under federal law, cars equipped with defeat devices, such as ones purchased by Plaintiff and other Class members, cannot be certified.

4. Had Plaintiff and Class members known of the "defeat devices" at the time they purchased or leased their vehicles (the "Affected Vehicles"), they would not have purchased or leased those vehicles, or would have paid substantially less for the vehicles than they did. Moreover, when and if Volkswagen recalls the Affected Vehicles and degrades the CleanDiesel engine performance in order to make the Affected Vehicles compliant with EPA standards, Plaintiff and Class members will be required to spend additional sums on fuel and will not obtain the performance characteristics of their vehicles when purchased. Additionally, Affected Vehicles will necessarily be worth less in the marketplace because of their decrease in performance and efficiency.

5. As a result, Plaintiff brings this action individually and on behalf of all other current and former owners or lessees of Affected Vehicles in the United States for violation of federal law and Tennessee for violations of Tennessee state law. Plaintiff seeks damages, injunctive relief, and equitable relief for the conduct of Volkswagen related to the "defeat device" and its unlawful conduct as alleged herein.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction under 28 U.S.C. § 1332. Additionally, this Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28

U.S.C. § 1332(d), because the amount in controversy exceeds $5,000,000.00, exclusive of costs and interest, and the proposed Class consists of 100 or more members and minimal diversity exists. This Court also has supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in this District. Plaintiff Kurtz resides in this District and purchased the vehicle at issue in this District.

## PARTIES

8. Plaintiff Kurtz is an individual residing in Nashville, Tennessee. Plaintiff Kurtz is a retired Judge for the State of Tennessee having served as a Circuit Court Judge and Senior Judge from 1982 to 2013. Plaintiff Kurtz purchased a 2014 Volkswagen Jetta SportWagen TDI from Hallmark Volkswagen at Cool Springs, an authorized Volkswagen dealership in Franklin, Tennessee. Plaintiff still owns this vehicle.

9. Volkswagen Group of America, Inc., is a corporation doing business in all 50 states (including the District of Columbia) and is organized under the laws of the State of New Jersey, with its principal place of business located at 2200 Ferdinand Porsche Dr., Herndon, Virginia 20171. At all times relevant to this action, Volkswagen manufactured, distributed, sold, leased, and warranted the Affected Vehicles under the Volkswagen and Audi brand names throughout the United States. Volkswagen and/or its agents designed, manufactured, and installed the CleanDiesel engine systems in the Affected Vehicles, which included the "defeat device." Volkswagen also developed and disseminated the owner's manuals and warranty booklets, advertisements, and other promotional materials relating to the Affected Vehicles.

## FACTS

10. Automobile manufacturers must abide by federal law and must adhere to EPA rules and regulations. This case arises from Defendant's purposeful and intentional breach of the laws of

3

the United States and the rules and regulations of the EPA by selling in the United States and Tennessee vehicles manufactured by its affiliates Volkswagen AG and Audi AG that purposefully evaded federal and state law which ultimately let to a Notice of Violation ("NOV") by the EPA

11. Volkswagen uses sophisticated software in the Volkswagen and Audi diesel vehicles in the United States and Tennessee which detects when the vehicle is undergoing official emissions testing and turns full emissions controls on only during the test. But otherwise, that is at all other times that the vehicle is running, the emissions controls are suppressed. This results in cars that meet emissions standards in the laboratory or state testing station, but during normal operation emit nitrogen oxides (NOx) at up to 40 times the standard allowed under United States laws and regulations. The software produced and used by Volkswagen is a "defeat device" as defined by the Clean Air Act.

12. The Clean Air Act has strict emissions standards for vehicles and it requires vehicle manufacturers to certify to the EPA that the vehicles sold in the United States meet applicable federal emissions standards to control air pollution. Every vehicle sold in the United States must be covered by an EPA issued certificate of conformity. Under federal law, cars equipped with defeat devices, which reduce the effectiveness of the emissions control system during normal driving conditions, cannot be certified. By manufacturing and selling cars with defeat devices that allowed for higher levels of emissions that were certified to EPA, Volkswagen violated the Clean Air Act, defrauded its customers, and engaged in unfair competition under state and federal law.

13. According the EPA NOV, Volkswagen installed its "defeat device" in at least the following diesel models of its vehicles: MY 2009-2015 VW Jetta; MY 2009-2015 VW Beetle; MY 2009-2015 VW Golf; MY 2014-2015 VW Passat; and MY 2009-2015 Audi A3. Discovery may reveal that additional vehicle models and model years are properly included as Affected Vehicles.

14. Volkswagen expressly marketed and advertised its CleanDiesel models as extraordinarily clean, EPA certified in all 50 states, and powerful. For example, Defendant's marking materials stated the CleanDiesel was "cleaner than conventional diesels, emitting as much as 95% fewer sooty emissions than previous diesels, as well as a reduction in oxides of oxygen and sulfur."

15. However, as a result of Defendant's use of the "defeat devices" these engines are not clean and, in fact, these engines produce emission levels that are not in compliance with U.S. laws and regulations which resulted in the EVP NOV. On September 20, 2015, Volkswagen admitted that the EPA allegations were true. It admitted using a "defeat device" in the Affected Vehicles. Its CEO Martin Winterkorn stated: "I personally am deeply sorry that we have broken the trust of our customers and the public."

16. As a result, Volkswagen has been ordered by the EPA to recall the Affected Vehicles and repair them so that they comply with EPA emissions requirements at all times during normal operation. However, Volkswagen will not be able to make the Affected Vehicles comply with emissions standards without substantially degrading their performance characteristics, including their horsepower and their efficiency. As a result, even if Volkswagen is able to make Class members' Affected Vehicles EPA compliant, Class members will nonetheless suffer actual harm and damages because their vehicles will no longer perform as they did when purchased and as advertised. This will necessarily result in a diminution in value of every Affected Vehicle and it will cause owners of Affected Vehicles to pay more for fuel while using their affected vehicles.

17. Had Plaintiff and other Class members known of the "defeat devices" at the time they purchased or leased their vehicles, they would not have purchased or leased those vehicles, or would have paid substantially less for the vehicles than they did. Moreover, when and if Volkswagen recalls the Affected Vehicles and degrades the CleanDiesel engine performance in order to make the

5

Affected Vehicles compliant with EPA standards, Plaintiffs and Class members will be required to spend additional sums on fuel and will not obtain the performance characteristics of their vehicles when purchased. Additionally, Affected Vehicles will necessarily be worth less in the marketplace because of their decrease in performance and efficiency.

## CLASS ACTION ALLEGATIONS

### A. Definition of the Classes

18. Plaintiff brings this action as a class action pursuant to Rule 23(a), (b)(2) and b(3) of the Federal Rules of Civil Procedure on behalf of the following classes (collectively, the "Classes").

#### 1. Nationwide Class Under the Magnuson - Moss Warranty Act

All persons or entities in the United States who are current or former owners and/or lessees of an "Affected Vehicle." Affected Vehicles include, without limitation: MY 2009-2015 VW Jetta; MY 2009-2015 VW Beetle; MY 2009-2015 VW Golf; MY 2014-2015 VW Passat; and MY 2009-2015 Audi A3. Excluded from the Class are individuals who have personal injury claims resulting from the "defeat device" in the Clean Diesel system. Also excluded from the Class is any parent company, subsidiary or affiliate of Volkswagen, all officers and directors who are or have been employed by defendant during the relevant period, and all judges and justices assigned to hear any aspect of this case.

#### 2. Tennessee Class for Violations of Tennessee Law

All persons or entities in Tennessee who are current or former owners and/or lessees of an "Affected Vehicle." Affected Vehicles include, without limitation: MY 2009-2015 VW Jetta; MY 2009-2015 VW Beetle; MY 2009-2015 VW Golf; MY 2014-2015 VW Passat; and MY 2009-2015 Audi A3. Excluded from the Class are individuals who have personal injury claims resulting from the "defeat device" in the Clean Diesel system. Also excluded from the Class is any parent company, subsidiary or affiliate of Volkswagen, all officers and directors who are or have been employed by defendant during the relevant period, and all judges and justices assigned to hear any aspect of this case.

### B. The Prerequisites to Rule 23(a) Are Satisfied

#### 1. Numerosity

19. The Classes are comprised of thousands of members geographically dispersed throughout the United States and Tennessee and are so numerous that joinder of all members is

impracticable. While the precise number of members of the Classes are unknown to Plaintiff, members of the Classes can be identified from records maintained by Volkswagen and/or its agents.

### 2. Commonality

20. Questions of law and fact common to all members of the Classes predominate over any questions affecting only individual members. Among the common questions are the following:

(a) Whether Volkswagen engaged in the conduct alleged herein;

(b) Whether Volkswagen designed, advertised, marketed, distributed, leased, sold, or otherwise placed Affected Vehicles into the stream of commerce in the United States and Tennessee;

(c) Whether the CleanDiesel engine system in the Affected Vehicles contains a defect in that it does not comply with U.S. EPA requirements;

(d) Whether the CleanDiesel engine systems in Affected Vehicles can be made to comply with EPA standards without substantially degrading the performance and/or efficiency of the Affected Vehicles;

(e) Whether Volkswagen knew about the "defeat device" and, if so, how long Volkswagen has known;

(f) Whether Volkswagen designed, manufactured, marketed, and distributed Affected Vehicles with a "defeat device";

(g) Whether Volkswagen's conduct violates state and federal laws as asserted herein;

(h) Whether Plaintiffs and the other Class members overpaid for their Affected Vehicles;

(i) Whether Plaintiffs and the other Class members are entitled to equitable relief, including, but not limited to, restitution or injunctive relief; and

(j) Whether Plaintiffs and the other Class members are entitled to damages and other monetary relief and, if so, in what amount.

### 3. Typicality

21. Plaintiff has claims that are typical of the claims of other members of the Classes because, among other things, all members of the Classes were comparably injured through Volkswagen's wrongful conduct as described herein.

### 4. Adequacy

22. Plaintiff will fairly and adequately represent and protect the interests of the Classes in that he has no interests that are antagonistic to or which irreconcilably conflict with those of other members of the Classes. Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation.

## C. This Action May Be Maintained as a Class Action

### 1. The Requirements of Rule 23(b)(3) Are Satisfied

23. As noted above, there are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members. Moreover, a class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Such treatment will permit a large number of similarly situated, geographically dispersed persons or entities to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, or expense that numerous individual actions would engender. The benefits of proceeding through the class mechanism, including providing injured persons or entities a method for obtaining redress on claims that could not practically be pursed individually, substantially outweighs potential difficulties in management of this class action.

8

### 2. The Requirements of Rule 23(b)(3) Are Satisfied

24. Volkswagen has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

## CAUSES OF ACTION

## MAGNUSON - MOSS WARANTY ACT, (15 U.S.C. § 2301 *et seq.*)

### (Nationwide Class)

25. Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the foregoing paragraphs.

26. This Court has jurisdiction to decide claims brought under 15 U.S.C. § 2301, *et seq*. by virtue of 15 U.S.C. § 2310(d).

27. Plaintiff and all similarly situated individuals are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

28. Volkswagen is a "supplier" and "warrantor" within the meaning of the Magnuson Moss Warranty Act, 15 U.S.C. § 2301(4) – (5).

29. The vehicles in question manufactured by Volkswagen are each a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

30. Plaintiff and those similarly situated have a cause of action as a result of the damages they have incurred based on the facts described above by the failure of Volkswagen – the warrantor – to comply with a written or implied warranty. 15 U.S.C. § 2310(d)(1).

31. Volkswagen's implied warranties are covered under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7).

32. Volkswagen breached these implied warranties by, among other things, providing the Affected Vehicles in a manner: (a) that was not of merchantable quality; (b) that presented an

unreasonable risk of unintended acceleration; (c) that was not fit for the ordinary purpose for which these vehicles are used; and (d) that was not fully operational safe or reliable.

33. As a result of Volkswagen's breach of implied warranties, Plaintiff and those similarly situated suffered economic losses, including cost of repair, diminution in the value and other economic damage and losses.

34. Plaintiff and those similarly situated individuals are entitled to damages in an amount to be proven at trial, together with interest thereon and costs.

## **BREACH OF CONTRACT**

### **(Tennessee Class)**

35. Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the foregoing paragraphs.

36. Plaintiff pleads his claim for breach of contract in the alternative to his claim for unjust enrichment.

37. Volkswagen's misrepresentations and omissions alleged herein, including Volkswagen's failure to disclose the CleanDiesel engine system was not EPA-compliant and the existence of the "defeat device" as alleged herein, caused Plaintiffs and the other Class members to make their purchases or leases of the vehicles in question.

38. Absent those misrepresentations and omissions, Plaintiff and the other Class members would not have purchased or leased their vehicles, would not have purchased or leased these vehicles at the prices they paid, and/or would have purchased or leased less expensive alternative vehicles that did not contain non EPA-compliant engine systems and a "defeat device." Accordingly, Plaintiff and those similarly situated putative class members overpaid for the Affected Vehicles and did not receive the benefit of their bargain.

39. Each and every sale or lease of such vehicle constitutes a contract between Volkswagen and the purchaser or lessee. Volkswagen breached these contracts by selling or leasing Plaintiff and the other similarly situated putative class members defective vehicles and by misrepresenting or failing to disclose that the CleanDiesel engine system was not EPA-compliant and failing to disclose the existence of the "defeat device," including information known to Volkswagen rendering each vehicle illegal under U.S. environmental laws, and thus less valuable, than vehicles not equipped with CleanDiesel engine systems.

40. As a direct and proximate result of Volkswagen's breach of contract, Plaintiffs and those similarly situated have been damaged in an amount to be proven at trial, which shall include, but is not limited to, all compensatory damages, incidental and consequential damages, and other damages allowed by law.

## **UNJUST ENRICHMENT**

### **(Tennessee Class)**

41. Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the foregoing paragraphs.

42. Volkswagen has been unjustly enriched by benefiting from manufacturing and selling the Affected Vehicles with faulty technology that it knew deceived customer, the general public, and the U.S.

43. Under Tennessee law, a claim for unjust enrichment has three required elements: "[1] A benefit conferred upon the defendant by the plaintiff, [2] appreciation by the defendant of such benefit, [3] and acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (Tenn. 1966).

44. The relevant statute of limitations for the Rule 23 Class members' unjust enrichment claims is six years. See T.C.A. § 28-3-109(a)(3).

45. Volkswagen has received the benefit of the priced paid by Plaintiff and similarly situated consumers of the Affected Vehicles.

46. Volkswagen has appreciated the benefit of the sale of the Affected Vehicles at prices that were paid on the "defeat device" technology, even though Volkswagen knew that such technology was defective. It would be inequitable for Volkswagen to retain the benefit paid by Plaintiff and those similarly situated for the Affected Vehicles.

47. Thus, Volkswagen has been unjustly enriched, and the Class members are entitled to all appropriate relief.

## NEGLIGENT MISREPRESENTATION

### (Tennessee Class)

48. Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the foregoing paragraphs.

49. In making misrepresentations regarding the emissions quality of the Affected Vehicles, Volkswagen was acting in the course of its regular business, and in relation to transactions in which it has a pecuniary interest.

50. The information that Volkswagen provided regarding the emissions quality was false.

51. Volkswagen intended that Plaintiff and those similarly situated consumers would be guided by and rely on such representations in the course of making a decision to purchase one of the Affected Vehicles.

52. Volkswagen failed to exercise reasonable care in ensuring that the Affected Vehicles could and actually did have emissions quality, and failed to exercise reasonable care in representing the emissions quality with the Affected Vehicles.

53. Plaintiff and those similarly situated were reasonable and justified in relying on Volkswagen's aforementioned representations about the Affected Vehicles.

## **FRAUD**

### (Tennessee Class)

54. Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the foregoing paragraphs.

55. Volkswagen intentionally concealed and suppressed material facts concerning the quality of the Affected Vehicles. As alleged herein, notwithstanding references in the very model names of the subject vehicles as "Clean Diesel," or to their engines as "TDI Clean Diesel" engines, Volkswagen engaged in a secret scheme to evade federal and state vehicle emissions standards by installing software designed to conceal its vehicles' emissions of the pollutant nitrogen oxide, which contributes to the creation of ozone and smog.

56. The software installed on the vehicles at issue was designed nefariously to kick-in during emissions certification testing, such that the vehicles would show far lower emissions than when actually operating on the road. The result was what Volkswagen intended: vehicles passed emissions certifications by way of deliberately induced false readings. Reportedly, Volkswagen's deliberate, secret scheme resulted in noxious emissions from these vehicles at 40 times applicable standards.

57. Plaintiff and Class members reasonably relied upon Volkswagen's false representations to their detriment and suffered damages.

58. Absent Defendant's misrepresentations and omissions, Plaintiff and the other Class members would not have purchased or leased their vehicles, would not have purchased or leased these vehicles at the prices they paid, and/or would have purchased or leased less expensive alternative vehicles that did not contain non EPA-compliant engine systems and a "defeat device."

13

Accordingly, Plaintiff and those similarly situated putative class members overpaid for the Affected Vehicles and did not receive the benefit of their bargain.

59. Plaintiff and other Class members had no way of knowing about Defendant's misrepresentations because Volkswagen knowingly concealed these material facts as detailed herein.

## **TENNESSEE CONSUMER PROTECTION ACT OF 1977**

(Individual Claim Under T.C.A. § 47-18-101, *et seq*.)

60. Plaintiff incorporates herein by reference, as though fully set forth at length, each and every allegation and statement contained in the foregoing paragraphs.

61. This claim is brought by Plaintiff on behalf of himself individually.

62. Volkswagen and Plaintiff are "persons" as that term is defined by T.C.A. §47-18-103.

63. Plaintiff is a "consumer" as that term is defined by T.C.A. §47-18-103.

64. Volkswagen engaged in "trade," "commerce," or "consumer transactions" as those terms are defined by T.C.A. §47-18-103.

65. The Affected Vehicles designed, manufactured, marketed and sold by Volkswagen are "goods" within the meaning of T.C.A. §47-18-103.

66. The Tennessee Consumer Protection Act of 1977 prohibits unfair or deceptive acts. T.C.A. § 47-18-104.

67. Volkswagen sold Affected Vehicles in Tennessee and throughout the United States during the relevant period.

68. Volkswagen violated the Tennessee Consumer Protection Act of 1977 when it represented, through advertising, warranties, and other express representations, that the Affected Vehicles had characteristics and benefits that they did not actually have.

69. Volkswagen violated the Tennessee Consumer Protection Act of 1977 when it represented, through advertising, warranties, and other express representations, that the Affected Vehicles were of a particular standard or quality when they were not.

70. Volkswagen violated the Tennessee Consumer Protection Act of 1977 by intentionally installing "defeat devices" in order to obtain the approval of the EPA and failing to disclose the existence and effects of the "defeat device" in its certification to the EPA.

71. Volkswagen's violations occurred in connection with its conduct of trade or commerce in Tennessee and throughout the United States.

72. Volkswagen's violations caused the Plaintiff to purchase his vehicle, which he would not otherwise have purchased had he known the true nature, quality and characteristics of the Affected Vehicles.

73. Volkswagen willfully and knowingly violated the Tennessee Consumer Protection Act of 1977 with the intent to deceive and mislead Plaintiff and other consumers and to induce them to purchase Affected Vehicles at higher prices, which did not match the Affected Vehicles' true value.

74. As a result of Volkswagen's unlawful business practices, Plaintiff is entitled to an award for his actual damages, treble damages, attorneys' fees and costs pursuant to T.C.A. § 47-18-109.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually an on behalf of members of the Class, respectfully requests that the Court enter judgment in his favor and against Volkswagen, as follows:

A. Certification of the proposed Classes in accordance with Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, including appointment of Plaintiff's counsel as Class Counsel;

B. An order temporarily and permanently enjoining Volkswagen from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged herein;

C. Injunctive relief in the form of a recall or free replacement program;

D. A judgment against Volkswagen and in favor of Plaintiff and the class he seeks to represent for costs, restitution, damages, including punitive damages, and disgorgement in an amount to be determined at trial;

E. An order requiring Volkswagen to pay both pre- and post- judgment interest on any amounts awarded;

F. An aware of costs and attorneys' fees; and

G. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all claims so triable.

Dated: September 23, 2015

Respectfully submitted,

/s/ David W. Garrison
**JERRY E. MARTIN (No. 20193)**
**DAVID W. GARRISON (No. 24968)**
**TIMOTHY L. MILES (No. 21605)**
**SCOTT P. TIFT (No. 27592)**
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com
tmiles@barrettjohnston.com
stift@barrettjohnston.com